13044

NATIONAL SURETY CO. v. CARSTEN *ET AL.*

(156 S. E., 336)

August, 1928.

225

230

231

234

236

242

244

245

246

248

*Messrs. Hinds & Meadors,* for appellants,

*Mr. J. D. Gilland,* for respondent cites:

December 23, 1930.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

The plaintiff, National Surety Company, Inc., commenced this action against the defendants, in the Court of Common Pleas for Williamsburg County, November 25, 1928, for the purpose of subjecting lands descended to the defendants to the payment of the ancestor's debt. Based on the allegations of the complaint, the plaintiff in the prayer of its complaint asked for judgment against ancestor's estate, C. G. Carsten, deceased, for the amount involved in the suit, for an order of sale of the said lands, and application of the proceeds of the sale to the alleged debt, and also for personal judgment against certain of the defendants, "by way of subrogation and contribution" for the amount involved, together with interest, and for such relief as the Court might deem just. All of the defendants, except the defendant Robert Carsten

and the infant defendant, James C. Carsten, defaulted. Answers being filed on behalf of these defendants, the case was by order of Judge M. M. Mann, referred to P. H. Stoll, Esq., as special referee, to take the testimony and determine all issues, both of law and of fact. After taking the testimony, the referee filed his report, finding against the plaintiff's contention and in favor of the defendants, and recommended that the complaint be dismissed.

The plaintiff in due time filed exceptions to the referee's report, and the matter was then heard by his Honor, Judge E. C. Dennis, upon exceptions. His Honor, Judge Dennis, reversed the referee, issued an order to that effect, dated November 4, 1929, and ordered judgment in favor of the plaintiff against the estate of C. G. Carsten, deceased, for the sum of $5,540.69, and ordered personal judgment against each of the defendants, estate of C. G. Carsten, deceased, estate of C. C. Carsten, deceased, E. H. Carsten, and Robert Carsten, in the sum of $1,385.17. His Honor further ordered in his said decree that the plaintiff should have a first lien, exclusive of taxes, "over the lands described of the estate of C. G. Carsten, deceased," and decreed that the said lands be sold by the Clerk of Court of said County for the purpose of paying said indebtedness. From the order of Judge Dennis and the entry of judgment thereon, the defendants have appealed to this Court upon exceptions presented.

Since the referee's report and the decree of Judge Dennis, which will be incorporated in the report of the case, contain a clear statement of the issues involved, and also a chronological statement leading up to the commencement of the action, we shall omit making such statement here, and shall simply state our conclusion, based upon a study of the transcript of the case, without considering the exceptions separately and without entering into a discussion of the evidence disclosed by the transcript.

We agree with the conclusion of the Circuit Judge in so far as he ordered, adjudged, and decreed that the plaintiff, National Surety Company, Inc., should have a first lien, exclusive of taxes, over the lands described of the estate of C. G. Carsten, deceased, except as to the improvements made by defendant Robt. Carsten, and in ordering the said lands (described in the said decree) sold and the proceeds derived from said sale applied to the payment of the plaintiff's claim; and we also agree with his Honor in ordering, adjudging, and decreeing personal judgment against each of the defendants, as directed by his Honor.

We are unable to agree with his Honor, the Circuit Judge, in failing and refusing to provide for pay to the defendant Robert Carsten, for the improvements he placed upon the said lands ordered sold. Under our view of the case, this defendant placed improvements on the land in question in good faith, a heavy expense to him, not knowing that the plaintiff claimed or had any interest in the same, but regarded the land as the common property of the defendants and expected to get that portion allotted to him, with the consent of the other defendants, which was done in the partition that was had. Under the rules of equity and the evidence in the case we think this defendant should be allowed compensation for the improvements he placed on the land. We think that this defendant, Robert Carsten, should be adjudged and decreed to have a first lien, exclusive of taxes, against the lot of land on which he made the improvements for the same, and we so hold, and the said lot of land should be sold subject to such lien.

It is the judgment of this Court that the decree of his Honor, Judge Dennis, and the judgment entered thereon be modified in accordance with the views herein expressed, and in all other respects the same is hereby affirmed, and that the case be remanded for such further proceedings as may be necessary, not inconsistent with the views herein expressed.

MESSRS. JUSTICES BLEASE and STABLER and MR. ACTING ASSOCIATE JUSTICE SMITH concur.

MR. JUSTICE COTHRAN concurs in part and dissents in part.

MR. JUSTICE COTHRAN (concurring and dissenting) : This litigation grows out of the failure of a father, in the settlement of the estate of a son, to recognize the interest of a grandson as an heir at law of his uncle, the intestate, of whose estate the father became administrator.

The case is confusing on account of the omission of the first names of the parties and of the similarity of initials.

C. G. Carsten was the father of four sons and a daughter; the sons were J. C., E. H., C. C., R. C., and the daughter was ———, who had married one Beatty.

The son J. C. died in December, 1902, intestate, and the father, C. G., was appointed administrator of his estate. Prior to the death of the intestate, Mrs. Beatty, the daughter of C. G. and the sister of the intestate, had died leaving a son, R. O. Beatty, an only child, who upon the death of the intestate, J. C. became entitled as an heir at law in the distribution of his estate to one-fifth; the heirs being the father, the three sons, and himself.

In January, 1903, the father qualified as administrator of the estate of J. C., and the National Surety Company became surety upon his administration bond.

In February, 1904, the father filed his final return as administrator of the estate of J. C. and was discharged. The final return showed that all claims had been paid and that the remainder of the personal property had been divided among those who were supposed by the administrator to be the sole heirs at law of the intestate, himself (the father) and the three brothers, C. C., E. H., and Robert (R. C.), each receiving and receipting for $2,032.39 in full settlement of their respective shares in the distribution. R. O.

Beatty, nephew of the intestate, was entirely ignored in the distribution.

In 1911, the administrator, the father, C. G., died intestate, leaving as his heirs at law his widow, Julia, his sons, E. H., C. C., and Robert, and his grandson, R. O. Beatty. The son E. H., became administrator of his estate, divided the proceeds of the personal property among said heirs at law, and was discharged in 1913.

In 1914, the son C. C., died, leaving a will devising his property to his wife, Pearl, during her natural life or widowhood, remainder to his son, James. The widow has remarried, and the remainder to James has taken effect.

At the time of his death, the father, C. G., owned a tract of 96 acres at Cades in Williamsburg County, and in January, 1920, an action for the partition of this tract was brought by and against the heirs at law. Among the defendants was the son Robert (R. C.), who filed an answer alleging that about four years theretofore by and with the consent of his co-tenants and at their suggestion and upon their advice, at his own cost and expense, he built a dwelling house and other structures upon one acre of the tract adjacent to the right-of-way of the Atlantic Coast Line Railroad, which dwelling was constructed by him for a home for himself and family, and that it had been and was then being used by him as such, and asked that the 96-acre tract be divided among the parties entitled thereto in kind, and that the lot upon which he had constructed his dwelling be included within the portion allotted to him, giving him the benefit of the improvements made thereon at his own expense. The suit proceeded in the customary manner; the commissioners in partition were duly appointed; a writ in partition duly issued; the lands were divided, each of the co-tenants receiving a lot in the town of Cades and a tract of land extending beyond the town limits. Robert Carsten received the lot upon which he made the improvements, and

the commissioners gave to him the benefit of the improvements made by him upon the lot. The report of the commissioners was duly confirmed by a decree signed by his Honor, Judge Rice, and dated February 23, 1920. Thereupon each of the parties took exclusive possession of his or her portion of the land allotted in the proceedings. Robert Carsten continued in the exclusive possession of the portion of his land from the date of division to the commencement of this action, and is still in possession of the same.

In September, 1920, the widow of the intestate C. G., Julia, conveyed to R. O. Beatty, in fee simple, all of the lands received by her in the division. Since then R. O. Beatty has been in possession of both the portion allotted to him and the portion allotted to Mrs. Julia G. Carsten.

In 1923, R. O. Beatty instituted an action against National Surety Company, as surety upon the administration bond of his grandfather, C. G., to recover his portion of the estate of his uncle J. C.; his interest having been overlooked in the distribution and paid to the other heirs at law. This action resulted in a judgment in his favor, which was affirmed by this Court, 132 S. C., 45, 128 S. E., 40, and paid by the Surety Company, $4,258.84, in June, 1925.

In November, 1925, the Surety Company commenced the present action against E. H. Carsten et al., as defendants, as heirs of the estate of C. G. Carsten, deceased, to obtain satisfaction of the debt paid by the surety on account of the devastavit of the principal by a sale of the lands descended of the estate of C. G. Carsten, deceased, the defaulting administrator, then in the possession and control of the heirs of said estate, and for other relief as alleged in the complaint.

It does not appear in the record that any defendant other than Robert Carsten answered. He sets up three defenses, to wit, that R. O. Beatty received his full share of the estate of J. C. Carsten, and that he (Robert Carsten) received no more of the estate of J. C. Carsten than he was entitled to;

that R. O. Beatty received his full share of the estate of C. G. Carsten and was given one-third of the real estate by the widow of C. G. Carsten, which, with his inherited one-sixth, gave him one-half interest in all of the real estate of C. G. Carsten; that on the lands allotted to him he has made permanent improvements, and that said improvements should not be subject to a judgment under plaintiff's action.

The case was referred to P. H. Stoll, Esq., as special referee, to hear and determine all issues. He reported recommending a dismissal of the complaint. Upon exceptions thereto, his Honor, Judge Dennis, reversed the referee's report and ordered judgment against each of the defendants, estate of C. G. Carsten, deceased, estate of C. C. Carsten, deceased, E. H. Carsten, and Robert Carsten in the sum of $1,385.17, adjudged that the National Surety Company shall have a first lien, exclusive of taxes, over the lands descended of the estate of C. G. Carsten, deceased, that the extent of the recovery of the plaintiff under the decree shall be the sum of $5,540.69, with interest thereon from the date of the decree at 7 per cent. per annum and the costs and expenses of the proceedings, and directed the land to be sold on the first Monday in December, 1929. .

From this decree it appears that only the defendant Robert Carsten has appealed.

The decree of his Honor, Judge Dennis, is full, clear, logical and just; I think that it should be affirmed without modification. The opinion of Mr. Justice Carter suggests a modification of it to the extent of allowing Robert Carsten compensation for the improvements placed by him upon the lot which was assigned to him in the partition proceedings. Judge Dennis' disposition of this claim of Robert Carsten is entirely satisfactory to me.